IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TOMMY HALL                                                                                           PLAINTIFF

       v.                              Civil No.4:11-cv-04056

TEXARKANA, ARKANSAS
POLICE DEPARTMENT; and
PROSECUTING ATTORNEY
CARLTON JONES                                                                                    DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      Plaintiff, Tommy Hall, is currently incarcerated in the Arkansas Department of Correction, Maximum Security Unit, Tucker, Arkansas. He filed this civil rights action pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable P.K. Holmes, United States District Judge, referred this case to me for the purpose of making a report and recommendation.

      The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

      **1. Background**

      According to the allegations of the complaint (ECF No. 1), on August 27, 2004, the sum of $2,715 was seized during a traffic stop. ECF No. 1 at pg. 6. An in rem civil forfeiture case was initiated on September 1, 2004, CV-2004-0285-2. *Id.* at pgs. 6 & 11. Plaintiff was served with notice of the civil forfeiture proceeding and filed a timely response in the case as well as a motion to return seized property. *Id.* at pg. 6.

A hearing was held in the forfeiture case on September 6, 2006. ECF No. 1 pg. 7. Plaintiff was present at the hearing. *Id.* Plaintiff objected to the hearing on the basis on insufficient notice. *Id.* An order of forfeiture was entered on February 22, 2007. *Id.* at p. 15. Plaintiff alleges his appeal to the Arkansas Supreme Court was unsuccessful because he was not given leave to appeal *in forma pauperis*. *Id.* at pgs. 7-8.

Plaintiff alleges his Due Process rights were violated by his lack of notice. ECF No. 1 at pg. 7. He also maintains state statutory procedures were not correctly followed. *Id.*

### 2. Discussion

This case is subject to dismissal as the claims are barred by the statute of limitations. Section 1983 does not contain its own statute of limitation. Instead, causes of action under § 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case); *see also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases).

Plaintiff was personally served with the summons and forfeiture complaint in September of 2004 and filed a timely response to the petition. ECF No. 1 at pg. 6. He was present at the forfeiture hearing on September 6, 2006. *Id.* at pg. 7. The order of forfeiture was entered of record on February 22, 2007. *Id.* at pg. 14. Thus, any claims based on events that occurred in 2004, 2006, and 2007, would be barred by the statute of limitations.

### 3. Conclusion

For the reasons stated, I recommend that this case be dismissed with prejudice as the claims are barred by the statute of limitations. The dismissal of this case will constitute a strike under 28

U.S.C. § 1915(g). The Clerk should therefore be directed to place a § 1915(g) strike flag on the case.

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of September 2011.

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE